UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARISSE SAMANTHA MOORE, et al.,

        Plaintiffs,

-against-

VANDERBILT UNIVERSITY, et al.,

        Defendants.

1:24-CV-5533 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Charisse Samantha Moore, who appears *pro se*, brings this civil action on her own behalf and also appears to assert claims on behalf of others.[1] She invokes the court's federal question jurisdiction, seeking damages and what appears to be injunctive relief. Plaintiff asserts that the federal constitutional or federal statutory bases for her claims are: (1) the "Electronic Communications Privacy Act of 1986, to include [the] Health Insurance Portability and Accountability Act (HIPAA)'"; (2) "Interstate Stalking: Alabama, Georgia and California"; (3) the Economic Espionage Act of 1996; and (4) the Racketeer Influenced and Corrupt Organizations Act (RICO). She sues: (1) Vanderbilt University ("Vanderbilt"); (2) Scenic Cable Network and Productions ("Scenic"); (3) Ryanne Duffie Saucier, a Scenic employee; (4) Daniel

---

[1] Plaintiff Charise Samantha Moore is the only plaintiff who signed the amended complaint, which is the operative pleading for this action. (ECF 7.) Others are listed as plaintiffs in the amended complaint, including: (1) John Collison, the Founder and President of Stripe, Inc., of San Francisco, California; (2) Marc Andreessen, Founder and venture capitalist of Andreesen Horowitz, of San Francisco, California; (3) Elon R. Musk, of Twitter/X, of San Francisco, California; (4) Lachlan Murdoch, Chairman and Chief Executive Officer of the Fox Corporation, of New York, New York; and (5) Leslie-Anne Hattenden-Moore, of Boca Raton, Florida. (*Id.* at 4-8.) Because none of these other individuals have signed the amended complaint, *see* Fed. R. Civ. P. 11(a) (signature requirement for court submissions), the Court regards Plaintiff Charise Samantha Moore as the only plaintiff in this action, and will refer to her as "Plaintiff" throughout this order.

Saucier, another Scenic employee; (5) Terry Duffie, Scenic's Founder and Owner; (6) Tara Duffie, a Psychiatric Mental Health Nurse Practitioner employed by Vanderbilt; (7) Stephan Hickers, Chair of Vanderbilt's Department of Psychiatry and Behavioral Services; (8) Lisa Adams, Director of Vanderbilt's Counseling Center; (9) Brenda Cecilia Dazñas Hill, a Sector Executive at KPMG; (10) Michael Hill, Head of Portfolio Trading at "Santander"; (11) Ingrid Jones, an Adjunct Professor at either Broward College or at Nova Southeastern University; and (12) Barbara Bryan, the Acting President of Broward College.

By order July 24, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

In her amended complaint, Plaintiff alleges that the events that are the bases for her claims occurred in: (1) Orlando, Florida; (2) Smyrna, Georgia; (3) San Francisco, California; (4) New York, New York; (5) Charlotte, North Carolina; (6) Seattle, Washington; and (7) Dublin,

Republic of Ireland. She does not, however, allege any facts in the amended complaint's statement of claim.

> In the injuries section of her amended complaint, Plaintiff alleges the following:
>
> Lost my job at Stripe, Inc. as payroll program manager (not responsible for payroll compliance)
>
> International Stalking, as part of an unauthorized nonconsented psychology, business and technology social media experiment
>
> Military tactical hold in Charlotte, North Carolina[,] with a minimum of 90 days of 24 hour coverage
>
> Unauthorized nonconsented medical experiment to include Dissociative Identity Disorder (DID) simulation based on Growth Plan 2022.04 document & previous therapy sessions . . . Ingrid Jones [*sic*]

(ECF 7, at 13.)

> Plaintiff states the following in the injuries section of her amended complaint:
>
> Prior consulting experience averaged = $2,00 (per bill rate) x 2080 hours per year x 30 years = $125 million for a forty-hour work week
>
> Unauthorized non-consented medical experiment, to include brain hijacking, Dissociative Identity Disorder (DID) simulation, brain stem cell research, DNA accumulation, homelessness deployment
>
> Destruction of name, brand, image or likeness using JTRIG, Joint Threat Research Intelligence Group
>
> British Intelligence Agency BCHQ to plant and disseminate fail information about me as a distraction from economic espionage at Stripe, Inc., Snap, Inc., Silicon Valley Bank Crisis and Electronic Communication Privacy Act damages – amount to be determined with co-Plaintiffs. [*sic*]

(*Id.*)

### DISCUSSION

**A.   Claims on behalf of others**

To the extent that Plaintiff asserts claims *pro se* on behalf of others, including the other purported plaintiffs, the Court must dismiss such claims. The statute governing appearances in

3

federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another person. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Plaintiff does not allege that she is an attorney. Thus, the Court dismisses, without prejudice, any claims that Plaintiff asserts on behalf of others, including the other purported plaintiffs.

**B.    Claims on Plaintiff's own behalf**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's allegations in her amended complaint are difficult to discern. To the extent that the Court can understand them, it seems that Plaintiff alleges that she has been stalked and made subject to medical experiments without her consent, and that she has lost her job, all because of

4

the actions of the defendants. However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that Plaintiff does not provide any plausible factual support for her own claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the Court with allegations that she believes to be true but are implausible; indeed, she has pleaded no factual predicate to support them. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief). Her allegations amount, therefore, to conclusory claims and suspicions, and her own claims arising from these allegations must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)). The Court therefore dismisses Plaintiff's own claims as frivolous. *See* § 1915(e)(2)(B)(i).

5

**C.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order.

The court has warned Plaintiff multiple times, after she filed the present action, in other *pro se* actions that she filed in this court, "that, should she file future [civil] actions in this court that are frivolous or duplicative, the Court may enter an order barring her from filing new [civil] actions [in this court IFP], unless she receives permission from the court to file the new civil action." *Moore v. Georgia*, ECF 1:24-CV-5545, 7, at 6 (S.D.N.Y. Sept. 5, 2024); *see Moore v. KPMG*, ECF 1:24-CV-5471, 21, at 6 (S.D.N.Y. Oct. 30, 2024); *Moore v. Fox News*, ECF 1:24-CV-5470, 8, at 6 (S.D.N.Y. Oct. 30, 2024); *Moore v. Stripe, Inc.*, ECF 1:24-CV-2799, 36, at 10 (S.D.N.Y. Oct. 30, 2024); *Moore v. Scenic Prods.*, ECF 1:24-CV-5413, 8, at 4-5 (S.D.N.Y. Oct. 28, 2024). Those warnings remain in effect.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   November 13, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                          Chief United States District Judge